UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTTSDALE INSURANCE
COMPANY,

       Plaintiff,

v.

       Case No. 2:25-CV-33-SPC-KCD

KENNETH HAIGLER,

       Defendant,

## ORDER

Plaintiff Scottsdale Insurance Company filed this declaratory judgment action asking the Court to intervene in "the ongoing appraisal process between Scottsdale and Respondent, Kenneth Haigler." (Doc. 1.)[1] Citing the Court's "authority to control [its] own docket," Scottsdale now moves *ex parte* to stay appraisal "until resolution of the [declaratory judgment] [p]etition." (Doc. 8 at 2.)

Scottsdale correctly states that "courts have unquestionable authority to control" the cases before them. *Buxton v. Full Sail, LLC*, No. 6:24-CV-747-JSS-DCI, 2024 WL 4839012, at *1 (M.D. Fla. Nov. 20, 2024). But this inherent power extends only as far as the case itself. It does not authorize the court to reach beyond its own proceedings. The appraisal process Scottsdale

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

seeks to enjoin was not compelled by this Court, but rather was initiated by the parties separately. As such, Scottsdale's motion is best viewed as a request "to interfere with proceedings in another forum." *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 n.1 (5th Cir. 1985).

The relief Scottsdale seeks is thus not a stay but a preliminary injunction. Scottsdale wants this Court "to exercise its equity powers to halt action of its litigants outside of its own court proceedings—the classic form of injunction." *A. & E. Plastik Pak Co. v. Monsanto Co.*, 396 F.2d 710, 713 (9th Cir. 1968). Yet none of the procedural steps necessary to grant *ex parte* injunctive relief have been followed here, and thus Scottsdale's motion must be denied. *See Saito v. Lewis*, No. 2:23-CV-266-SPC-KCD, 2023 WL 4759311, at *4 (M.D. Fla. July 26, 2023).

Finally, even ignoring any procedural issues, the Court doubts whether Scottsdale can succeed on the merits as needed to secure a preliminary injunction that stops appraisal. *See Miles v. Jenkins*, No. 2:11-CV-150-ID, 2011 WL 2112430, at *2 (M.D. Ala. Apr. 25, 2011) ("[T]he first prerequisite for issuance of preliminary injunctive relief [is] whether Plaintiff has proven a substantial likelihood of success on the merits.").

Scottsdale complains that Haigler has requested an appraisal award with "items not covered under the terms of the insurance policy." (Doc. 8 at 1.) Appraisal is "an extra-judicial mechanism" that calculates the amount of

2

loss in an insurance dispute. *My Child Care Inc. v. Westchester Surplus Lines Ins. Co.*, No. 2:24-CV-220-JES-KCD, 2024 WL 2053827, at *2 (M.D. Fla. Apr. 22, 2024). Scottsdale provides no authority that this Court can (or should) interject itself into these extra-judicial proceedings to address a coverage dispute. *See, e.g., Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 4861196, at *1 (M.D. Fla. Oct. 2, 2019) (adopting the majority view among Florida courts that gives trial courts discretion over the relative timing of appraisal and coverage determinations). What is more, the appraisal process has mechanisms to address Scottsdale's concerns. The underlying policy requires that each party select an appraiser who "will separately state the actual cash value, the replacement cost, and the amount of loss to each item." (Doc. 1 at 4-5.) In case of disagreement, like Scottsdale claims here, the dispute is sent to a neutral umpire. (*Id.*) So even if Haigler is demanding damages outside the policy, that fact alone does not seem to offer a cognizable injury where the umpire has yet to accept those damages or even act.

For these reasons, Scottsdale's Motion to Stay Appraisal Pending Resolution of Petition for Declaratory Relief (Doc. 8) is **DENIED WITHOUT PREJUDICE**.

3

**ORDERED** in Fort Myers, Florida on January 28, 2025.

Kyle C. Dudek
United States Magistrate Judge

4